**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:23-cr-20345-RUIZ

UNITED STATES OF AMERICA

v.

DEONDRE LAMONT BAIN,

    Defendant.

_____ /

**REPORT AND RECOMMENDATIONS**

    **THIS CAUSE** is before the Court upon Defendant Deondre Lamont Bain's Motion to Dismiss Count 1 (18 U.S.C. § 922(g)) as Unconstitutional Under the Second Amendment. (ECF No. 22). The Government has filed a Response in opposition (ECF No. 29). Defendant has not filed a Reply and the time to do so has passed. The matter has been referred to the undersigned United States Magistrate Judge by the Honorable Rodolfo A. Ruiz II, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59, and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law with respect to the Motion. (ECF No. 25). Having considered the Motion, Response, the record, and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that Defendant's Motion be **DENIED** for the reasons that follow.

**I.     BACKGROUND**

    Defendant is charged in an Indictment issued in the Southern District of Florida with possession of a firearm and ammunition after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1). The Indictment also contains forfeiture allegations. The trial in this case is presently set for January 16, 2024. (ECF No. 14).

Defendant now moves to dismiss the sole count against him in the Indictment for failure to state an offense, pursuant to Federal Rule of Criminal Procedure 12(b).  Defendant asserts that § 922(g)(1) is facially unconstitutional under the Second Amendment and *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022) ("*Bruen*").

## II.     LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b) governs motions to dismiss an indictment.  Fed. R. Crim. P. 12(b).  "[A] defendant may challenge an indictment on a variety of . . . grounds, including for failure to state an offense, lack of jurisdiction, double jeopardy, improper composition of the grand jury, and certain types of prosecutorial misconduct."  *United States v. Kaley*, 677 F.3d 1316, 1326 (11th Cir. 2012).  Motions attacking a defect in instituting the prosecution or in the indictment itself, among other bases, must be made prior to trial.  Fed. R. Crim. P. 12(b)(3).  While an indictment may be dismissed where there is an infirmity of law in the prosecution, a court may not dismiss an indictment on a "determination of facts that should have been developed at trial."  *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987).  "The sufficiency of a criminal indictment is determined from its face."  *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992).

## III.    DISCUSSION

Under 18 U.S.C. § 922(g)(1), Congress has declared that:

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

Defendant argues that § 922(g)(1) is facially unconstitutional because the conduct it

criminalizes, such as Defendant's conduct alleged here, is protected under the Second Amendment. In his Motion, Defendant argues that § 922(g)(1) does not satisfy the two-part test set out in *Bruen* and thus his conduct at issue in this case is protected under the Second Amendment. With respect to the first part of the *Bruen* analysis, Defendant argues that the Second Amendment's plain text covers his conduct, because (i) Defendant is one "of the people" to whom Second Amendment guaranties extend, (ii) the Second Amendment protects the right of the people to keep and possess arms outside the home, as in this case, and (iii) handguns loaded with ammunition, such as here, are "arms" within the meaning of the Second Amendment. With respect to the second part of the *Bruen* analysis and with the burden shifting to the Government, Defendant asserts that the Government cannot show that § 922(g)(1) is consistent with the Nation's historical tradition of firearm regulation at the time the Bill of Rights was adopted.

In its Response, the Government argues that § 922(g)(1) is not facially unconstitutional. With respect to the first part of the *Bruen* analysis, the Government argues that *Bruen*, which deals with law-abiding citizens as opposed to people previously convicted of felonies, does not overrule or abrogate the Eleventh Circuit case *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), which held pre-*Bruen* and based on *District of Columbia. v. Heller*, 554 U.S. 570 (2008), that convicted felons are not a class of people to whom Second Amendment protections extend. That is, the Government argues that Defendant fails to establish in the first part of the *Bruen* analysis that his conduct is covered by the Second Amendment in light of binding Eleventh Circuit precedent that accords with *Bruen*. In addition, the Government notes that the courts of appeals that have addressed § 922(g)(1) post-*Bruen* have upheld the constitutionality of § 922(g)(1), and that district courts in the Eleventh Circuit that have addressed § 922(g)(1) post-*Bruen* have also found that *Rozier* remains binding. With respect to the second part of the *Bruen* analysis, the Government

3

argues that, even if Defendant established his conduct was covered by the Second Amendment, the historical record establishes that the prohibitions codified in § 922(g)(1) are part of the historical tradition of firearm regulation and the Second Amendment.

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. The Second Amendment confers an individual right to keep and bear arms, though that right, like other rights, is "not unlimited." *Heller*, 554 U.S. at 626 (finding unconstitutional a D.C. statute prohibiting handgun possession inside the home). The protections of the Second Amendment have been incorporated against the states through the Fourteenth Amendment's Due Process Clause. *See generally McDonald v. City of Chicago*, 561 U.S. 742 (2010).

Recently, in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), the United States Supreme Court rejected the application of "means-end" scrutiny in the Second Amendment context used by some courts of appeals to assess government regulation of firearms. *Bruen*, 597 U.S. at 20 ("*Heller* and *McDonald* do not support applying means-end scrutiny in the Second Amendment context."). Instead, the Supreme Court instructed courts to assess whether "the Second Amendment's plain text covers an individual's conduct," in which case "the Constitution presumptively protects that conduct." *Id.* at 17. If so, the government must justify the regulation by demonstrating that the "regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* The government "may not simply posit that the regulation promotes an important interest." *Id.* The Supreme Court explained that "[o]nly if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Id.*

District courts in the Eleventh Circuit have noted that the rejection of means-end scrutiny leaves in place pre-*Bruen* decisions that avoid applying means-end scrutiny. *United States v. Hunter*, 645 F. Supp. 3d 1247, 1251 (N.D. Ala. 2022) ("This analysis leads inexorably to the conclusion that, to the extent a pre-*Bruen* decision limits its holding to step one's historical analysis and avoids any prohibited means-end scrutiny, such a decision's validity is unaltered by *Bruen*."). To that end, district courts in the Eleventh Circuit have agreed that *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), which expressly upheld the constitutionality of § 922(g)(1), is one such binding precedent that *Bruen* neither overruled nor abrogated. *See, e.g.*, *Hunter*, 645 F. Supp. 3d at 1251–52 (explaining that *Rozier* remains good law after *Bruen* because the Eleventh Circuit did not rely on "means-end scrutiny" and instead relied on limiting language within *Heller* itself in upholding the constitutionality of § 922(g)(1) under the Second Amendment); *United States v. Meyer*, No. 22-10012-CR, 2023 WL 3318492, at *3 (S.D. Fla. May 9, 2023) (identifying over 30 district court cases upholding the constitutionality of § 922(g)(1)).

In *Rozier*, the Eleventh Circuit expressly held that "statutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people," such as persons with prior felony convictions. *Rozier*, 598 F.3d at 771. As has been explained:

> [T]he *Rozier* panel did not reach its conclusion by engaging in a means-end scrutiny or other interest-balancing exercise. Rather, *Rozier*'s approach was confined to "step one" of the *Bruen* equation. *See Rozier*, 598 F.3d at 770. As the court expressly put it, "the initial question is whether one is qualified to possess a firearm[,]" and *Rozier* did not make it past this threshold inquiry because, as a felon, the court found that he was "disqualified from the exercise of Second Amendment Rights." *Id. Cf. Nat'l Rifle Ass'n v. Bondi*, 61 F.4th 1317, 1321 (11th Cir. 2023) (explaining that after *Heller* the Eleventh Circuit adopted a two-part test, and that *Bruen* "abrogated [only] step two of this framework").

*United States v. Alvin*, No. 1:22-cr-20244-DPG, 2023 WL 3979967, at *4 (S.D. Fla. May 22, 2023), *report and recommendation adopted*, No. 1:22-cr-20244-DPG, 2023 WL 3971060 (S.D. Fla. June 13, 2023).

Indeed, the Eleventh Circuit in *Rozier* noted the Supreme Court's explanation in *Heller* that "nothing in [that] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons[.]" *Rozier*, 598 F.3d at 771 (quoting *Heller*, 554 U.S. at 626–27). The Supreme Court post-*Heller* in *McDonald* likewise explained:

> We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as "prohibitions on the possession of firearms by felons and the mentally ill," "laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Id.*, at 626–627, 128 S. Ct., at 2816–2817.  We repeat those assurances here.

*McDonald*, 561 U.S. at 786.  And in that regard, *Bruen* did not overrule *Heller* and *McDonald*. *See Hunter*, 645 F. Supp. 3d at 1250 (explaining that "although the Supreme Court rejected the predominant framework for analyzing Second Amendment cases, it did not overrule *Heller* or *McDonald*," but rather clarified the standard imposed by those cases); *see also Meyer*, 2023 WL 3318492, at *2 ("Indeed, three of the six justices who signed the *Bruen* majority wrote separately to underscore the continued validity of this aspect of *Heller*.").

Because *Bruen* leaves *Rozier* in place, this Court thus readily concludes that Defendant's conduct is not protected under the Second Amendment based on binding Eleventh Circuit precedent.  *See, e.g.*, *Alvin*, 2023 WL 3979967, at *2 ("Defendant's theory that his possession of a firearm is conduct presumptively protected by the Second Amendment fails because this argument has been foreclosed by binding Eleventh Circuit precedent.  Indeed, the Eleventh Circuit has expressly, and repeatedly, stressed that convicted felons fall within a class of individuals that

are 'disqualified from the exercise of Second Amendment rights,' *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010), and, as such, are unprotected by the right to keep and bear arms.").[1]

Defendant's arguments to the contrary are unavailing. He cites to *United States v. Jimenez-Shilon*, 34 F.4th 1042 (11th Cir. 2022), for the proposition that the Second Amendment does not contain a felon/non-felon distinction. That reliance is misplaced. *See Jimenez-Shilon*, 34 F.4th at 1046 (citing *Heller*, 554 U.S. at 626, 635; *Rozier*, 598 F.3d at 770–71) ("And as both the Supreme Court and this Court have observed, even individuals who are indisputably part of 'the people,' such as dangerous felons and those suffering from mental illness, might not partake of that pre-existing right and, therefore, may be prohibited from possessing firearms without offending the Second Amendment."); *see also id.* (upholding § 922(g)(5)(A)'s prohibition against the possession of firearms by any noncitizen who is illegally or unlawfully in the United States).

"In short, the Court finds that § 922(g)(1) is still constitutional, even under the new standard set forth in *Bruen*." *Leonard v. United States*, No. 18-CR-20743-RAR-2, 2023 WL 2456042, at *10 (S.D. Fla. Mar. 10, 2023).

## IV.   RECOMMENDATIONS

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that Defendant Deondre Lamont Bain's Motion to Dismiss Count (ECF No. 22) be **DENIED**.

The parties will have **FOURTEEN (14) DAYS** from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United

---

[1] Because binding Eleventh Circuit precedent that remains in place post-*Bruen* expressly upholds the constitutionality of § 922(g)(1) and explains that the Second Amendment does not cover the conduct at issue here, the District Court need not proceed to the second part of the *Bruen* analysis regarding that statute's consistency with this Nation's historical tradition of firearm regulation. *Alvin*, 2023 WL 3979967, at *10 (recommending that the motion to dismiss be denied under *Rozier* and *Heller* but nonetheless further assessing whether § 922(g)(1) is consistent with the Nation's historical tradition of firearm regulation). Even if the Court were to assess the Government's support regarding historical tradition of firearm regulation, there is ample support that § 922(g)(1) is consistent with that tradition. *See id.* at *10–12 (finding the historical record cited to by the government comprehensive and persuasive); *see also United States v. Kirby*, No. 3:22-CR-26-TJC-LLL, 2023 WL 1781685, at *3 (M.D. Fla. Feb. 6, 2023) (collecting cases).

States District Judge.  Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the Parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.  *See Thomas v. Arn*, 474 U.S. 140 (1985).

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida, this 19th day of December, 2023.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Honorable Rodolfo A. Ruiz II
Counsel of Record