UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20345-RAR

**UNITED STATES OF AMERICA**,

vs.

**DEONDRE LAMONT BAIN,**

    Defendant.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT**

**THIS CAUSE** comes before the Court upon Magistrate Judge Lauren F. Louis's Report and Recommendation on Defendant's Motion to Dismiss Indictment ("Report"), [ECF No. 38], filed on December 19, 2023. The Court has carefully reviewed Defendant's Motion to Dismiss Count 1 (18 U.S.C. § 922(g)) as Unconstitutional Under the Second Amendment ("MTD"), [ECF No. 22], the Government's Response in Opposition ("Response"), [ECF No. 35], the Report, and is otherwise fully advised. To date, no objections have been filed.

Per FED. R. CRIM. P. 59, objections to a Report and Recommendation on a dispositive matter, such as a motion to dismiss an indictment, are due within 14 days. *See* FED. R. CRIM. P. 59(b). "Failure to object in accordance with [Fed. R. Crim. P. 59] waives a party's right to review." *Id.* A district court reviewing a magistrate judge's report and recommendation "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Macort v. Prem, Inc.*, 208 F. App'x 781, 783–84 (11th Cir. 2006). The district court "may accept, reject or modify, in whole or in part, the findings of the recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* FED. R. CRIM. P. 59(b)(3); *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). "[I]n determining whether to accept, reject, or modify the magistrate's report and

recommendations, the district court has the duty to conduct a careful and complete review." *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982)).  However, legal conclusions are subject to *de novo* review, even if no party specifically objects.  *See U.S. v. Keel*, 164 F. App'x 958, 961 (11th Cir. 2006); *U.S. v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982).

Objections to the Report were due on or before January 2, 2024.  None were filed.  Nonetheless, because the Report contains several key legal conclusions, the Court has carefully conducted a *de novo* review of said conclusions—as well as a review of the entire Report.  *See Keel*, 164 F. App'x at 961.  In doing so, the Court agrees with the Report's conclusion that *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), did not overrule or otherwise disturb *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010).  *See* Report at 4–7.  Thus, 18 U.S.C. § 922(g)(1) remains a constitutional restriction on the right to bear arms in the wake of *Bruen*.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Magistrate Judge Lauren F. Louis's Report and Recommendation on Defendant's Motion to Dismiss Indictment, [ECF No. 38], is **AFFIRMED AND ADOPTED**.  Accordingly, Defendant's Motion to Dismiss Count 1 (18 U.S.C. § 922(g)) as Unconstitutional Under the Second Amendment ("MTD"), [ECF No. 22], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 8th day of January, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**
